1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   HSBC BANK USA, N.A., AS TRUSTEE FOR  )
    THE HOLDERS OF THE DEUTSCHE ALT-A    )
9   SECURITIES MORTGAGE LOAN TRUST,      )
    SERIES 2007-1 PASS-THROUGH           )
10  CERTIFICATES,                        )
                                         )
11          Plaintiff,                   )       Case No. 2:16-cv-00242-JCM-GWF
                                         )
12  vs.                                  )       **ORDER**
                                         )
13  GREEN VALLEY PECOS HOMEOWNERS        )
    ASSOCIATION, INC.; ABSOLUTE          )
14  COLLECTIONS SERVICES, LLC; MIKE      )
    SHORT,                               )
15                                       )
            Defendants.                  )
16  _____)

17          This matter is before the Court on Plaintiff HSBC Bank USA, N.A.'s Emergency Motion for

18  Protective Order (ECF No. 36), filed on August 22, 2016.  Defendant Green Valley Pecos Homeowners

19  Association (hereinafter "Green Valley HOA") filed its Opposition (ECF No. 38) on September 6,

20  2016.  The Court conducted a hearing in this matter on September 21, 2016.  After hearing arguments

21  of counsel, the Court ordered the parties to file supplemental briefs regarding the conditions of a stay

22  and the depositing of rents during the period of any stay.  *Minutes of Proceedings (ECF No. 39)*.

23  Plaintiff filed its Supplemental Brief (ECF No. 42) on September 29, 2016 and Defendant Green Valley

24  HOA filed its Response (ECF No. 43) on October 6, 2016.

25                                      **BACKGROUND**

26          This is an action for quiet title/declaratory judgment, breach of NRS 116.113, wrongful

27  foreclosure and injunctive relief.  *Complaint (ECF No. 1)*.  Plaintiff HSBC alleges that Michael and

28  Lucie Joseph (the "Josephs") purchased the subject residential property in 1993.  The Josephs

refinanced the loan on the property by way of a $449,000 loan secured by a deed of trust dated April 23, 2007.  The deed of trust was subsequently assigned to HSBC.  The Josephs defaulted on their obligation to pay homeowners association fees to Green Valley HOA.  Green Valley HOA, through its collection agent, Absolute Collections, recorded a notice of delinquent assessment lien on October 5, 2011.  A notice of default and election to sell to satisfy the delinquent lien was recorded on January 6, 2012.  A notice of trustee's sale was recorded on April 27, 2012, scheduling the trustee's sale for June 12, 2012. The notices listed different and increasingly higher amounts due for assessments, late charges, interest, fees, charges, collection costs, trustee's fees and attorney's fees.  The notices did not state the amount of the "super-priority" lien provided by NRS 116.3116(2)(c).  Plaintiff alleges that in February 2012, the then servicer of the deed of trust, Bank of America, N.A., sent a letter to Absolute Collections demanding a payoff ledger identifying the super-priority amount of the HOA lien owed to Green Valley HOA.  Absolute Collections refused to provide a pay-off ledger.  Green Valley HOA thereafter proceeded with the foreclosure sale on September 18, 2012.  A foreclosure deed in favor of Defendant Mike Short was recorded on September 19, 2012 and stated that the sales price was $5,900.00.  Plaintiff alleges that this price was less than 1.5 % of the unpaid balance on the loan secured by the deed of trust, and substantially less than the fair market value of the property on the date of the sale.

Plaintiff alleges that the super-priority lien provisions in NRS Chapter 116 violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it fails to require that notice of foreclosure proceedings on an HOA's assessment lien be provided to the holder of a senior deed of trust of record.  Plaintiff further alleges that the foreclosure sale did not extinguish the senior deed of trust because Green Valley HOA's rejection of the servicer's attempt to tender payment of the super-priority amount extinguished the super-priority lien, the sale was commercially unreasonable, and Defendant Mike Short is not a bona fide purchaser for value.  Defendants oppose each of the claims asserted by Plaintiff.

Defendant Green Valley HOA noticed the Rule 30(b)(6) depositions of Plaintiff HSBC and non-party Bank of America, N.A. for August 25, 2016.  The deposition notices were not attached to Plaintiff's motion or Defendant's opposition.  Plaintiff's motion, however, lists the deposition topics as follows:

**Topic 1:**  HSBC's alleged standing to sue in this action, including but not limited to, HSBC's assignment of or acquisition of any interest in the subject promissory note, any interest in the subject deed of trust, or other interest in the subject Property.

**Topic 2:**  All of HSBC's internal communications that discuss or refer to the foreclosure of the Deed of Trust against the subject Property which HSBC allegedly holds a beneficial interest or related to Green Valley's assessment lien and/or foreclosure sale prior to sale.

**Topic 3:**  All investigations made or research conducted by HSBC or its predecessor regarding title to the Property or encumbrances claimed against the Property prior to the foreclosure sale.

**Topic 4:**  All research done by or investigations made by HSBC regarding the value of the property prior to the foreclosure sale.

**Topic 5:**  All policies of HSBC or its predecessor regarding the actions to be taken in the event it obtains knowledge of a homeowner's association assessment lien against a property to which it holds a beneficial interest in a deed of trust against such property or was the servicer of a loan which is secured by a deed of trust to which it is the beneficiary.

**Topic 6:**  All policies of HSBC which were in place at or about the time of the foreclosure sale regarding the foreclosure of deeds of trust which HSBC held a beneficial interest and which the promissory note secured by the deed of trust secured was in default.

**Topic 7:**  All policies of HSBC which were in place at or about the time of the foreclosure sale regarding, concerning or addressing tax liens which encumbered property subject to a deed of trust which named HSBC as beneficiary.

**Topic 8:**  All policies of HSBC that addressed protecting its beneficial interest in deeds of trusts securing promissory notes which were in default at or about the time of the subject foreclosure sale.

**Topic 9:**  All facts and circumstances surrounding the tender of any monies by HSBC, or any predecessor in interest to Green Valley or ACS.

**Topic 10:**  Any and all internal discussions regarding HSBC's decision to not attend and/or bid at the foreclosure sale, and the reason why HSBC chose not to attend and/or bid at the foreclosure sale.

**Topic 11:**  All communications, in writing or otherwise, between HSBC or its predecessor and any representative of Green Valley after the sale of the Property.

**Topic 12:**  Any and all internal discussions or communications regarding HSBC's decision to not seek injunctive relief to stop the foreclosure sale, and the reasons why it close (sic) not to seek such relief.

**Topic 13:**  All facts and circumstances in which you contend that Green Valley or ACS failed to comply with NRS Chapter 116 in conducting the foreclosure of the Property.

3

**Topic 14:**   All facts and circumstances in which you contend that Green Valley or its collection agency ACS, lacked authority to conduct the foreclosure sale of the Property.  (Topic 15 duplicates this topic.)

**Topic 16:**   All damages you allege that HSBC suffered as a consequence of any claim you have made against Green Valley.

**Topic 17:**   The names and present addresses of any of your employees, agents, or representatives who have knowledge of or worked on the servicing of the loan secured by the deed of trust.

**Topic 18:**   The date, time, and circumstances that you retained counsel for litigation related to the Property.

**Topic 19:**   Any and all other claims, lawsuits, or litigation filed by HSBC related to the Property.

Plaintiff HSBC moves for a protective order against the taking of the Rule 30(b)(6) depositions on the grounds that the deposition topics are irrelevant, over broad and not proportional to the needs of discovery.  Plaintiff further argues that the Ninth Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) (*"Bourne Valley"*) and the Nevada Supreme Court's unpublished order in *Stone Hollow Avenue Trust v. Bank of America, N.A.*, 2016 WL 4543202 (Nev. Aug. 11, 2016) (*"Stone Hollow"*) render the Rule 30(b)(6) depositions moot.  Defendant Green Valley HOA argues that neither *Bourne Valley* nor *Stone Hollow* eliminate the need for the Rule 30(b)(6) depositions on any of the listed topics.  During the hearing on September 21, 2016, the Court and the parties discussed the advisability of staying this action pending the outcome of the petition for rehearing in *Bourne Valley*.  On November 4, 2016, the Ninth Circuit denied the appellee's petition for rehearing or rehearing en banc.  *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, United States Court of Appeals for the Ninth Circuit, No. 15-15233, Order (Dkt Entry: 69).  On November 17, 2016, the Ninth Circuit also denied appellee's motion to stay mandate pending the filing and disposition of a petition for writ of certiorari to the United States Supreme Court.  *Id.*, Order (Dkt Entry 75).  Based on these developments, a stay of proceedings based on *Bourne Valley* is no longer necessary.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.  Information within the scope of discovery need not be admissible in evidence to be discoverable."  The 2015 amendments to Rule 26(b) encourage trial courts to exercise their broad discretion to limit and tailor discovery to avoid abuse and overuse, and to actively manage discovery to accomplish the goal of Rule 1 to secure the just, speedy, and inexpensive determination of every action and proceeding.  *Roberts v. Clark County School District*, 312 F.R.D. 594, 601–04 (D. Nev. 2016).

Rule 30(b)(6) authorizes a party to notice the deposition of a private corporation.  The notice of deposition "must describe with reasonable particularity the matters for examination."  The responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics.  *Great American Ins. Co. of N.Y. v. Vegas Const.*, 251 F.R.D. 534, 538 (D. Nev. 2008), citing *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).  Although Rule 30(b)(6) is not designed to be a memory contest, a corporation has a duty to make a conscientious, good faith effort to designate a knowledgeable witness and to prepare him or her to fully and unevasively answer questions about the designated topics.  *Id.* at 539.  (Citations omitted).  The court in *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) stated that an overbroad Rule 30(b)(6) notice subjects the responding party to an impossible task.  If the responding party cannot identify the outer limits of the topics listed in the notice, it will likely be unable to produce a witness fully prepared to testify on the topics.  The deposition notice in *Reed* listed specific topics, but also stated that the topics included, but were not limited to the areas specifically enumerated.  The court held that this open-ended expansion of the topics was improper.  *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 506 (D.S.D. 2009) states that listed topics must focus on relevant subjects and that the responding party cannot be required to interpret overbroad topics.

Plaintiff argues that the Rule 30(b)(6) depositions are rendered unnecessary by the decisions in *Bourne Valley* and *Stone Hollow*.  In *Bourne Valley*, the court held that the "opt-in" notice scheme under NRS 116.3116 et seq. "which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the

lenders constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." 832 F.3d at 1156.[1]  Plaintiff's argument that *Bourne Valley* eliminates the need for the depositions would be more persuasive if Plaintiff abandoned its other grounds for challenging the validity of the HOA lien foreclosure sale and proceeded solely on the grounds that the statute is unconstitutional. Plaintiff has not abandoned its other claims, however, and it intends to move for summary judgment on those claims or pursue them at trial if necessary.  Discovery regarding the other claims therefore remains reasonable and necessary.

The decision in *Bourne Valley* also does not eliminate a reasonable basis to depose Plaintiff or Bank of America regarding some of the listed topics.  Topic 1, relating to Plaintiff HSBC's "standing to sue in this action," is a clearly relevant area of inquiry.  If HSBC is not the valid assignee of the deed of trust, or for some other reason in not legally entitled to enforce the deed of trust, then it will not be entitled to relief even if the HOA lien foreclosure did not extinguish the deed of trust.  Defendant is entitled to depose Plaintiff regarding its legal right to enforce the deed of trust.  Plaintiff argues that Topic 1 runs afoul of 15 U.S.C. §6802(a) and (b) which prohibit disclosure of nonpublic personal information of a consumer.  The Court disagrees.  15 U.S.C. §6802(e)(8) provides an exception to the nondisclosure requirements for information produced in response to judicial process.  In *Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 496 (S.D.W.Va. 2003), the court stated that this exception permits a financial institution to disclose the non-public personal financial information of its customers to comply with a discovery request.  The court in *Ex Parte National Western Life Ins. Co.*, 899 So.2d 218, 227 (Ala. 2004) agreed with *Marks*, but stated that the court "should also issue a comprehensive protective order to guard the customer's privacy."  *See also Ameriquest Mortgage Co. v. State Attorney General*, 199 P.3d 468, 476 (Wash.App. 2009) and *Guarrielo v. Family Endowment Partners, LP*, 2015 WL 4762844, *2 (D.Mass. Aug. 12, 2015).  To the extent that discovery on this topic may result in such disclosure, this can be dealt with by a protective order which restricts the disclosure of the information to the parties in this case.

---

[1]The statute was amended in 2015 to require actual notice to the deed of trust holder.  The *Bourne Valley* decision applies to HOA lien foreclosure proceedings that occurred prior to the statute's amendment.

Plaintiff also argues that *Bourne Valley* renders the issue of whether it received actual prior notice of the foreclosure sale irrelevant. *Motion (ECF No. 36), pg. 8*, citing *Garcia-Rubiera v. Calderon*, 570 F.2d 443, 445 (1st Cir. 2009) (sustaining factual attack on notice provisions and holding that "actual notice cannot defeat [facial] due process claim."). Plaintiff's legal analysis may well be correct. *Bourne Valley* did not address this issue and there was no suggestion that the deed of trust holder in that case had actual prior notice of the HOA foreclosure sale. The parties are likely to litigate this issue because Bank of America apparently had actual knowledge of the notice of default prior to the foreclosure sale. *Complaint (ECF No. 1)*, ¶¶ 23–25. Discovery on this issue is not likely to be time consuming. There is no topic that specifically asks HSBC or Bank of America to testify as to whether either entity received actual prior notice of the HOA lien foreclosure sale. Topics 2 and 13, however, probably encompasses such an inquiry.

Topic 9 requests testimony on all facts and circumstances surrounding the tender of any monies by HSBC or any predecessor in interest to Green Valley or ACS. Plaintiff argues that the decision in *Stone Hollow* obviates that need for discovery on this topic. In *Stone Hollow*, the bank, as holder of the deed of trust, tendered $198 to pay off the super-priority amount of the homeowners association lien. The homeowners association rejected the tender, but did not dispute that $198 was adequate to pay off the super-priority portion. 2016 WL 4543202, at *1. The Nevada Supreme Court held the homeowners association's rejection of the tender was unjustified. It further stated:

> When rejection of a tender is unjustified, the tender is effective to discharge the lien. (citations omitted) . . . Therefore at the time of Heritage Estate's foreclosure sale, the superpriority portion of Heritage Estate's lien had been discharged, leaving only the subpriority portion of the lien to be foreclosed. Because respondent's deed of trust was superior to that portion of Heritage Estate's lien, the deed of trust was not extinguished by virtue of the sale to appellant.

*Id.*

Unlike *Stone Hollow*, the facts and circumstances in this case are not clear or undisputed as to whether Plaintiff made a sufficient tender of the super-priority lien amount prior to the foreclosure sale. Plaintiff alleges that Bank of America sent a letter to Absolute Collections demanding a payoff ledger identifying the super-priority amount allegedly owed to Green Valley, and that Absolute Collections refused to provide a payoff ledger. *Complaint (ECF No. 1)*, ¶¶ 23–24. Defendants have not admitted

these allegations.  The Court will have to determine whether these allegations, if true, constituted a sufficient tender of the super-priority amount and an unjustified rejection of the same.  Testimony on topic 9 is therefore relevant and proper.

Plaintiff alleges that the foreclosure sale was commercially unreasonable because the reported sales price of $5,900.00 was less than 1.5% of the unpaid principal balance on the loan secured by the senior deed of trust and far below the fair market value of the property on the date of sale.  *Complaint (ECF No. 1)*, ¶ 26.  Plaintiff does not allege what the fair market value was on the date of sale.  In *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, ___ Nev. ___, 366 P.3d 1105, 1110 (Nev. 2016), the court stated that a nonjudicial foreclosure sale may be set aside "upon a showing of grossly inadequate price plus fraud, unfairness, or oppression."  The court cited its prior decision in *Golden v. Tomiyasu*, 79 Nev. 503, 514, 387 P.2d 989, 995 (1963) which stated that "while a power-of-sale foreclosure may not be set aside for mere inadequacy of price, it may be if the price is grossly inadequate and there is 'in addition proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price[.]'"  Topic 4 asks the deponent to testify regarding all research done by or investigations made by HSBC regarding the value of the property prior to the foreclosure sale.  This topic is relevant to the extent it concerns research or investigation done to determine the fair market value of the property at or near the time of the HOA lien foreclosure sale.

Turning to the other objections, Plaintiff objects to Topic 2 as over broad, not temporally limited, and not tied to the parties' claims or defenses.  Plaintiff argues that this topic could require the responding parties to review files dating back to 2007.  The Court sustains this objection to the extent it would require HSBC or Bank of America to testify about communication that occurred prior to October 5, 2011 when the HOA's notice of delinquent assessment lien was recorded.  *See Complaint (ECF No. 1)*, ¶ 15.  Nonprivileged communications after that date relating to foreclosure of the senior deed of trust or the Green Valley HOA assessment lien and foreclosure sale are relevant and discoverable.  Plaintiff also argues that communications with the Miles Bauer law firm, which represented the banks in dealing with Green Valley HOA are protected from disclosure by the attorney-client privilege.  There may be communications by or with the law firm that fall within the scope of the attorney-client privilege.  Nothing in this order requires Plaintiff or Bank of America to disclose privileged attorney-client

communications.  If this issue arises in regard to a specific question during the deposition, counsel for the deponent may assert the objection and the issue can thereafter be presented to the Court.  Plaintiff also objects to topic 3 on the same basis.  The Court limits this topic to nonprivileged information regarding investigations or research conducted by HSBC or its predecessor regarding their legal right to enforce the deed of trust and relating to the HOA assessment lien.

Topic 5 seeks testimony about policies of HSBC or its predecessor regarding the actions to be taken with respect to an HOA assessment lien on property to which HSBC or its predecessor held a beneficial interest.  This topic is relevant and discoverable.  To the extent that such policies are, in fact, confidential proprietary information, and no showing has been made that they are, the testimony on this topic can be made subject to a protective order that prohibits its disclosure to third parties not involved in this lawsuit.  The policies identified in topics 6, 7 and 8, however, do not appear to be relevant to the issues in this case, or their relevance is so tangential as to not justify requiring Plaintiff or Bank of America to testify on them.  Therefore, Plaintiff and Bank of America are not required to testify on these topics.

Topic 10, relating to HSBC's decision and reasons for not bidding the HOA assessment lien foreclosure sale, is relevant and proper.  Topic 11, relating to communications between HSBC and Green Valley HOA after the foreclosure sale, is also relevant and proper to the extent it is limited to communications regarding the subject property.  Topic 12, regarding HSBC's discussions relating to seeking or not seeking injunctive relief to stop the sale, is also relevant and proper.  Again, nothing in this order requires HSBC to disclose privileged communications in relation to these topics.

Topics 13 and 14 (and duplicative topic 15) seek testimony regarding the factual basis for Plaintiff's contentions in this lawsuit.  Such topics are more appropriately addressed in a contention interrogatory because they call for a witness to testify about the party's legal analysis of its position in the case.  *See* Rule 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.").  As this Court stated in *Ballentine v. Las Vegas Metropolitan Police Dept.*, Case. No. 2:14-cv-01584-APG-GWF, 2016 WL 2743504, *7 (D.Nev. May 9, 2016):

. . .

9

> Federal district courts have been divided on whether a Rule 30(b)(6) deposition is an appropriate discovery vehicle where the subject matter of the topic calls for non-lawyers to testify about the party's legal position or analysis such that the information could be better obtained through contention interrogatories. *U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 435 (D.Nev. 2006). The court quoted the statement in *Security Ins. Co. of Hartford v. Trustmark Ins.*, 218 F.R.D. 29, 34 (D.Conn. 2003) that '[i]t is of no consequence that contention interrogatories may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with such interrogatories." As the court in *U.S. E.E.O.C.* stated, however, other courts have required a party to serve contention interrogatories in lieu of a Rule 30(b)(6) deposition where the topic requires the responding party to provide its legal analysis on complex issues. This is particularly true in patent infringement actions. *See TV Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368, *2 (N.D. Cal. August 23, 2012). The general statement in *Security* regarding a party's right to pursue less efficient or duplicative discovery avenues can no longer be justified under amended Rule 26(b) given its greater emphasis on the need for proportionality in discovery. *See Roberts v. Clark Co. School District*, 312 F.R.D. 594, 602-604 (D.Nev. 2016) (analyzing the purpose of the 2015 amendment to Rule 26(b)). Where responsive information can be provided more accurately and with less burden through one method of discovery, that method should be used. Duplicative discovery methods should be avoided.

Where the party to be deposed demonstrates that the deposition topic is more appropriately addressed by interrogatory, it is appropriate to treat the topic as an interrogatory and require the responding party to provide a written answer to it pursuant to Rule 33. If the requesting or deposing party shows that the written answer is insufficient or reasonably requires follow-up inquiry, then the Court may require the responding party to provide testimony on the matter at the Rule 30(b)(6) deposition. This should not be necessary, however, if the responding party provides a full and complete answer to the contention interrogatory. The Court will therefore order that Plaintiff provide a written interrogatory answer to topics 13 and 14 within fourteen (14) days of the entry of this order.

Topic 16, regarding Plaintiff's alleged damages in this action, is a relevant and proper topic for the Rule 30(b)(6) deposition. Topic 17, regarding the identities of employees, agents and representatives, is relevant to the extent it is limited to persons who were involved in the issues relating to whether the deed of trust was valid and enforceable with respect to the Green Tree HOA assessment lien, or who were involved in matters relating to th HOA assessment lien and its foreclosure. Topic 18 is relevant to when Plaintiff retained counsel to represent it with respect to the Green Tree HOA assessment lien. The Court also finds that Topic 19 is relevant because it appears germane to HSBC's

1    right to enforce the subject deed of trust.  Plaintiff is required to identify and provide a general

2    description of other claims, lawsuits or litigation relating to the property to the extent such information is

3    already within its possession, custody and control.  Accordingly,

4        **IT IS HEREBY ORDERED** that  Plaintiff HSBC Bank USA, N.A.'s Emergency Motion for

5    Protective Order (ECF No. 36) is **granted**, in part, and **denied**, in part, as follows:

6        1.    Defendant may proceed with the taking of the Rule 30(b)(6) depositions subject to the

7    limitations on the topics set forth in this order.

8        2.    Plaintiff and Bank of America are not required to testify on topics 6, 7 and 8.

9        3.    Plaintiff shall respond to topics 13 and 14 in the form of an answer to interrogatory within

10   fourteen (14) days of the date of this order.

11       4.    The parties shall file a proposed protective order for approval prior to the taking of the

12   depositions with respect to those topics that the Court has stated a protective order should be entered.

13       **IT IS FURTHER ORDERED** that discovery is hereby reopened until January 21, 2017.  The

14   following additional deadlines shall apply:

15       1.    Last date to file dispositive motions: **February 20, 2017**.

16       2.    Last date to file joint pretrial order: **March 22, 2017**.  In the event dispositive motions are

17            filed, the date for filing the joint pretrial order shall be suspended until 30 days after a

18            decision of the dispositive motions.

19       DATED this 21st day of November, 2016.

21                                    _____
22                                    GEORGE FOLEY, JR.
                                      United States Magistrate Judge