UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA, N.A., | Case No. 2:16-CV-242 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| GREEN VALLEY PECOS HOMEOWNERS ASSOCIATION, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant Green Valley Pecos Homeowners Association, Inc.'s (the "HOA") amended motion to dismiss plaintiff HSBC Bank USA, N.A.'s claims against that party. (ECF No. 17). Plaintiff filed a response (ECF No. 30), and there was no reply.[1]

## I.      Introduction

This case is based on the events surrounding the September 2012 non-judicial foreclosure sale of the real property at 2614 White Pine Dr., Henderson, Nevada. (ECF No. 1). Relevantly, plaintiff initiated the instant case on February 8, 2016. (ECF No. 1). Plaintiff has asserted the following claims against defendant: (1) quiet title, to be satisfied through the remedy of declaratory judgment; (2) breach of Nevada Revised Statute ("NRS") 116.1113; and (3) wrongful foreclosure. (*Id.*).

## II.     Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and

---

[1] Plaintiff appears as Trustee for the Holders of the Deutsche Alt-A-Securities Mortgage Loan Trust, Series 2007-1 Pass-Through Certificates.

**James C. Mahan**
**U.S. District Judge**

conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### a. Bad Faith

Here, plaintiff alleges the following regarding its claim for relief under NRS 116.1113:

If it is determined [HOA's] sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, [HOA's] and Absolute Collections[ Services Inc.'s ("ACS")] breach of their obligation of

> good faith will cause HSBC to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

(ECF No. at 10–11).

Because the second claim requests damages based upon the alleged breach of a statutory duty, it must be brought within three years. *See* Nev. Rev. Stat. § 11.190(3)(a). The foreclosure sale took place in September 2012. Accordingly, BANA brought this lawsuit more than three years after the latest instance of the alleged injury. *See* (ECF No. 1). Therefore, this claim is time-barred, and the HOA's motion to dismiss will be granted as to this claim.

### b. Wrongful foreclosure

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)).

ACS's authority to foreclose on the HOA lien on behalf of the HOA arose from Chapter 116, essentially rendering this count a claim for damages based on liability created by a statute. (ECF No. 1) (requesting general and special damages). Therefore, this claim is similarly time-barred under NRS 11.190(3)(a) because it was not brought within three years. See Nev. Rev. Stat. § 11.190(3)(a); *see also* (ECF No. 1).

### c. Claim to quiet title

As an initial matter, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Further, NRS 11.070 sets forth a five-years limitations period for quiet title claims. Nev. Rev. Stat. § 11.070. Therefore, this claim is not time barred.

Defendant argues that plaintiff's requested remedy for this claim, declaratory relief, should be equitably barred by the doctrine of laches. (ECF No. 17). This court agrees that plaintiff may not obtain its particular requested relief; however, this court makes this decision based upon another equitable doctrine: unclean hands. *See Apache Survival Coal. v. United States*, 21 F.3d 895, 905 n.12 (9th Cir. 1994) (acknowledging that a declaratory judgment is a form of equitable relief).

James C. Mahan
U.S. District Judge

- 3 -

Plaintiff's alleged conduct—on the face of the complaint—precludes it from seeking equitable relief under the unclean hands doctrine. This doctrine "bars a party from receiving equitable relief because of that party's own inequitable conduct." *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 182 P.3d 764, 766 (Nev. 2008) (quoting *Food Lion, Inc. v. S.L. Nusbaum Ins. Agency, Inc.*, 202 F.3d 223, 228 (4th Cir. 2000)).

"The application of the unclean hands doctrine raises primarily a question of fact." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989). However, the court is comfortable applying this doctrine in such an early stage of this litigation because *plaintiff's own asserted facts* make clear that equitable relief is not warranted. *See* (ECF No. 1).

To preclude equitable relief, the party's inequitable conduct must be "unconscientious, unjust, or marked by the want of good faith" and sufficiently connected with the "subject-matter or transaction in litigation." *Las Vegas Fetish & Fantasy Halloween Ball, Inc.*, 182 P.3d at 766. (citing *Income Investors v. Shelton*, 101 P.2d 973, 974 (Wash. 1940)). Two factors must be considered when assessing if a party's conduct is sufficiently connected to the action: "(1) the egregiousness of the misconduct at issue, and (2) the seriousness of the harm caused by the misconduct." *Id.* (citing *Income Investors v. Shelton*, 101 P.2d 973, 974 (Wash. 1940)). Plaintiff's refusal to utilize any pre-foreclosure remedy to prevent the sale bars it from seeking equitable relief in setting aside the relevant foreclosure.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing that security interest. *See* Nev. Rev. Stat. § 116.31166(1); *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014) ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security . . . ."); *see also 7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest." (citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980))).

Further, plaintiff created the problem by failing to pay the amount set forth in the recorded notice of default, which was $2,449.81. (ECF No. 1 at 4). Had plaintiff paid the amount set forth in the notice of default ($2,449.81), the HOA's interest would have been subordinate to the first deed of trust. *See* Nev. Rev. Stat. § 116.31166(1). Rather than tendering the $2,449.81 and then

James C. Mahan
U.S. District Judge

- 4 -

later seeking a refund of any difference, plaintiff instead makes no allegation of any payment of the requested amount. *See SFR Investments Pool 1*, 334 P.3d at 418 (noting that the deed of trust holder can pay the entire lien amount and then sue for a refund); *see also* (ECF No. 1).

After failing to use the legal remedies available to it to prevent the relevant property from being sold to a third party—for example, seeking a temporary restraining order and preliminary injunction and filling a *lis pendens* on the property (*see* Nev. Rev. Stat. §§ 14.010, 40.060)—plaintiff now seeks to benefit from its failure to follow the rules set forth in the statutes. *See generally* Nev. Rev. Stat. § 107.080 (allowing trustee's sale under a deed of trust only when a subordinate interest has failed to make good the deficiency in performance or payment for 35 days); Nev. Rev. Stat. § 40.430 (barring judicially ordered foreclosure sale if the deficiency is made good at least 5 days prior to sale); *cf. Barkley's Appeal. Bentley's Estate*, 2 Monag. 274, 277 (Pa. 1888) ("In the case before us, we can see no way of giving the petitioner the equitable relief she asks without doing great injustice to other innocent parties who would not have been in a position to be injured by such a decree as she asks if she had applied for relief at an earlier day."). Therefore, this court will grant defendant's request to dismiss this claim.

**IV.     Conclusion**

In sum, plaintiff's claims regarding NRS 116.1113 and wrongful foreclosure are time-barred. Additionally, declaratory judgment is improper in this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's amended motion to dismiss (ECF No. 17) be, and the same hereby is, GRANTED.

DATED March 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**