UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HSBC BANK USA, N.A., | Case No. 2:16-CV-242 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| GREEN VALLEY PECOS HOMEOWNERS ASSOCIATION, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff HSBC Bank USA, N.A.'s (the "bank") motion for summary judgment. (ECF No. 47). Defendant Mike Short ("Short") filed a response (ECF No. 53), and the bank filed a reply (ECF No. 58).

Also before the court is Short's motion for summary judgment. (ECF No. 48). The bank filed a response and errata (ECF Nos. 52, 54); Short filed a reply (ECF No. 59).

**I.    Introduction**

The instant action involves competing interests in the real property located at 2614 White Pine Dr., Henderson, NV 89074. (ECF No. 47).

On October 5, 2011, Absolute Collection Services, LLC ("ACS") recorded a notice of delinquent assessment lien, which identified an amount due of $1,548.26. (ECF No. 47-3).

On January 6, 2012, ACS recorded a notice of default and election to sell regarding the property; this notice indicated an amount due of $2,449.81. (ECF No. 47-4).

ACS thereafter allegedly "refused to provide a ledger or other information by which the super-priority portion of the lien could be calculated" to counsel for Bank of America, N.A. ("BANA"). (ECF No. 47 at 4).

**James C. Mahan**
**U.S. District Judge**

On April 27, 2012, ACS recorded a notice of trustee's sale, which specified an amount due of $3,864.40. (ECF No. 47-5).

On September 19, 2012, ACS recorded a trustee's deed upon sale, which purportedly conveyed an interest in the property to Short. (ECF No. 47-7).

*After the sale*, on January 11, 2013, the bank received its alleged interest in the property through an assignment of a deed of trust. (ECF No. 47-2).

The bank asserted four claims in its complaint: (1) quiet title/declaratory judgment; (2) breach of Nevada Revised Statutes ("NRS") § 116.1113 against Green Valley Pecos Homeowners Association, Inc. (the "HOA") and ACS; (3) wrongful foreclosure against the HOA and ACS; and (4) injunctive relief against Short. (ECF No. 1).

On May 13, 2016, Short asserted counterclaims of declaratory relief, quiet title, and slander of title against the bank. (ECF No. 27).

**II. Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480

James C. Mahan
U.S. District Judge

- 2 -

(9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III. Discussion**

*A. Bad faith and wrongful foreclosure*

On March 9, 2017, this court granted the HOA's motion to dismiss the bank's claims against it. (ECF No. 50). This court held that the bank's claims of bad faith under NRS 116.1113 and wrongful foreclosure are time-barred because they were not brought within the applicable three-year limit. (*Id.*); *see also* Nev. Rev. Stat. § 11.190(3)(a). To be clear, this holding applies also to all defendants.

*B. Injunctive relief as a claim*

Despite the bank's formulation of this request as a claim, injunctive relief is a remedy, not a cause of action. *See, e.g.*, *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. Appx. 680, 684 (9th Cir. 2014) (citation omitted). Therefore, this claim will be dismissed.

**James C. Mahan**
**U.S. District Judge**

- 3 -

C. *Mediation and slander of title*

Short's counterclaim for slander of title will be dismissed because the parties have not submitted proof that NRS 38.310's mediation requirement has been satisfied in this case. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (holding that slander of title claims are subject to NRS 38.310 and must be submitted to mediation prior to being brought in district court).

D. *Quiet title*

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for plaintiff to succeed on its quiet title action, it must show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."). Moreover, a claim for quiet title is not subject to NRS 38.310's mediation requirement. *See, e.g.*, *Bank of Am., N.A. v. Riverwalk Ranch Crossing Homeowners Ass'n*, No. 2:16-cv-02219-JCM-VCF, 2017 WL 774908, at *3 (D. Nev. Feb. 28, 2017).

In support of this claim, the bank argues that: (1) "NRS chapter 116 does not mandate notice to deed of trust beneficiaries"; (2) "[a]ny alleged factual issue concerning actual notice is irrelevant"; (3) that BANA's attempted tender was sufficient to "preserve[] the seniority of BANA's deed of trust"; (4) the rejection of tender would create an "as applied" violation of due process; (5) the application of a restatement mandates the undoing of a foreclosure sale for insufficient price; (6) this court's ruling in *ZYZZX2 v. Dizon*, No. 2:13-cv-01307-JCM-PAL, 2016 WL 1181666 (D. Nev. Mar. 25, 2016), requires the court to set aside the sale; and (7) *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 411 (Nev. 2014) should not be applied retroactively. (ECF No. 47 at 5–16).

The bank presents what has become a common fact pattern before this court: when a deed-of-trust holder attempts an insufficient tender and it is rejected prior to an HOA non-judicial foreclosure sale. *See, e.g.*, *Bank of Am., N.A. v. Valley View Meadows Homeowners Ass'n, Inc.*, No. 2:16-cv-275-JCM-CWH, 2017 WL 2870087, at *4–8 (D. Nev. July 5, 2017); *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, No. 2:16-cv-407-JCM-CWH, 2017 WL 2192968, at *5 (D. Nev. May 18, 2017); *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-00381-JCM-PAL, 2017 WL 1843702, at *5 (D. Nev. May 5, 2017); *see also Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-00381-JCM-PAL, 2017 WL 1843702, at *7 (D. Nev. May 5, 2017) (distinguishing *ZYZZX2* from facts similar to those presented here); *Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-cv-1683-JCM-CWH, 2017 WL 843177, at *12 (D. Nev. Mar. 1, 2017) (discussing the deed-of-trust holder's pre-foreclosure options to prevent a sale); (ECF No. 47).

There are no material factual differences between the instant case and, to select just one case cited above, *Valley View Meadows*, wherein this court has confronted and adjudicated the arguments that BANA now asserts here. *See* 2017 WL 2870087, at *4–8; *see also Nationstar Mortg., LLC*, 2017 WL 843177, at *12 (generally discussing pre-foreclosure remedies in the HOA sale context); (ECF No. 47). Therefore, the bank will not be granted summary judgment as to its quiet title claim; instead, Short will prevail because there is proof on the record that he purchased the real estate at the underlying foreclosure sale. *See* (ECF No. 47-7).

Indeed, this holding is supported also by the fact that the bank acquired its interest in the property *after* the foreclosure sale, which deprives it of standing to assert a due process claim. *See Carrington Mortg. Servs., LLC v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-1377-JCM-NJK, 2017 WL 2870091, at *6 (D. Nev. July 3, 2017) (citing *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)) (holding a party that acquired its interest in a contested property after a foreclosure sale did not have standing to assert due process claims based upon pre-sale conduct).

. . .

. . .

**IV. Conclusion**

In sum, the bank's claims for injunctive relief, bad faith, and wrongful foreclosure are all dismissed. Similarly, Short's claim for slander of title is dismissed as unexhausted. However, the bank has failed to show that it has an interest superior to that of Short in the underlying real estate; instead, the opposite is true, and Short is entitled to a declaration of the same. Thus, the bank's motion for summary judgment will be denied, and Short's motion for summary judgment as to quiet title will be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the bank's motion for summary judgment (ECF No. 47) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Short's motion for summary judgment (ECF No. 48) be, and the same hereby is, GRANTED, except for the claim of slander of title, which shall be DISMISSED as unexhausted.

The clerk shall enter judgment accordingly and close the case.

DATED August 1, 2017.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE