UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HSBC BANK USA, N.A., | Case No. 2:16-CV-242 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| GREEN VALLEY PECOS HOMEOWNERS ASSOCIATION, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant/counter-claimant Mike Short's motion for summary judgment. (ECF No. 85). Plaintiff HSBC Bank USA, N.A., as Trustee for the Holders of the Deutsche ALT-A Securities Mortgage Loan Trust, Series 2007-1 Pass-Through Certificates, ("HSBC"), responded, (ECF No. 87), to which defendant Short replied, (ECF No. 90).

Also before the court is plaintiff's motion for summary judgment. (ECF No. 86). Defendant Short responded, (ECF No. 94), to which plaintiff HSBC replied, (ECF No. 98).

**I.     BACKGROUND**

This case involves a dispute over real property located at 2614 White Pine Dr., Henderson, Nevada, 89074, APN 177-12-612-021 (the "property").

In April 2007, the property was refinanced through a loan in the amount of $449,000 secured by a deed of trust. (ECF Nos. 1, 86, 87). In October 2011, the deed of trust was assigned to Bank of America, N.A. ("BANA"). (*Id.*). In January 2013, the deed of trust was assigned to HSBC. (*Id.*).

In October 2011, Green Valley Pecos Homeowners Association, Inc. (the "HOA"), through Absolute Collections Services, LLC ("ACS"), recorded a notice of delinquent assessment lien against the property. (*Id.*). Then, in January and April 2012, the HOA, through ACS, recorded a notice of default and notice of sale against the property. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

In February 2012, BANA's counsel sent ACS a letter requesting the amount of superpriority portion of the HOA's lien and offering to pay that amount. (*Id.* ("It is unclear, based upon the information known to date, what amount the nine months' of common assessments pre-dating the NOD actually are . . . my client hereby offers to pay that sum upon presentation of adequate proof of the same by the HOA.")). However, the HOA declined to provide a ledger or other information by which the superpriority portion of the lien could be calculated. (*Id.*). ACS responded that it recognized BANA's position as the senior lien holder and that it believed the superpriority portion of the HOA's lien was triggered only by a deed of trust foreclosure. (*Id.*). ACS and BANA's counsel proceeded to exchange tender communications at length. (*Id.*).

When ACS responded with the account information necessary to calculate the requisite amount, BANA's counsel tendered the superpriority portion of the lien. (*Id.*). ACS rejected the tenders, because ACS believed that 1) the tenders were accompanied with an impermissible "paid in full" condition, 2) BANA should have paid the full amount of the HOA's superpriority lien to protect its security interest, and 3) BANA's tender was premature because BANA had not foreclosed yet. (*Id.*).

In September 2012, the HOA, through ACS, foreclosed on the property and recorded a foreclosure deed without warranties. (*Id.*). Defendant Mike Short purchased the property for $5,900. (*Id.*).

In February 2016, plaintiff filed the instant action for quiet title/declaratory relief, seeking a declaration that its deed of trust survived HOA's sale. (ECF No. 1). Plaintiff also asserted claims against the HOA and ACS for breach of NRS 116.1113 and wrongful foreclosure, and an injunctive relief claim against Short. In May 2016, Short answered the complaint and asserted quiet title, declaratory relief, and slander of title claims against plaintiff. (ECF No. 27).

In March 2017, this court granted the HOA's motion to dismiss, which also applied to ACS, (ECF No. 50), and in August 2017, this court granted summary judgment for Short, (ECF No. 64). HSBC appealed. (ECF No. 66). In December 2019, the Ninth Circuit reversed due to intervening case law and an underdeveloped record regarding the alleged rejection of BANA's tender. (ECF No. 70).

The parties now cross-move for summary judgment. (ECF Nos. 85, 86).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. LEGAL STANDARD

Summary judgment is proper when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[1] Fed. R. Civ. P. 56(a). The purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986), and to avoid unnecessary trials on undisputed facts. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

When the moving party bears the burden of proof on a claim or defense, it must produce evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proof on a claim or defense, the moving party must "either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of [proof] at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party satisfies its initial burden, the burden then shifts to the party opposing summary judgment to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party and a fact is "material" if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The opposing party does not have to conclusively establish an issue of material fact in its favor. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). But it must go beyond the pleadings and designate "specific facts" in the evidentiary record that show "there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. In other words, the opposing

---

[1] Information contained in an inadmissible form may still be considered on summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

party must show that a judge or jury is required to resolve the parties' differing versions of the truth. *T.W. Elec. Serv.*, 809 F.2d at 630.

The court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990); *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The court's role is not to weigh the evidence but to determine whether a genuine dispute exists for trial. *Anderson*, 477 U.S. at 249. Cross-motions for summary judgment must each be considered on their own merits. *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

## III. DISCUSSION

As an initial matter, this court takes judicial notice of all exhibits requested by the parties, (ECF Nos. 85, 86), as "matters of public record." Fed. R. Evid. 201; see *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "These exhibits are publicly recorded documents concerning the property's title history and governing documents of the common interest community where the property is located." (ECF No. 86); *see Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

This court grants plaintiff's motion for summary judgment upon finding that plaintiff's claim is timely and tender was futile. (ECF No. 86).

*A. Timeliness*

Defendant argues that plaintiff's claims should be dismissed as untimely under the three-year statute of limitations set forth under NRS 11.190(3)(a). (ECF Nos. 85, 94). This court disagrees.

NRS 11.190(3)(a) provides a three-year limitations period for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." *See* NRS 11.190(3)(a). Because actions to quiet title exist independent of statute under this court's inherent equitable jurisdiction, the three-year limitations period does not apply. *See Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1111 (Nev. 2016) (reaffirming that NRS 40.010 "essentially codified the court's existing equity jurisprudence"); *Torrealba v. Kesmetis*, 178 P.3d 716, 722 (Nev. 2008) ("The phrase 'liability created by statute' means a liability which would not exist but for the statute.").

Instead, the five-year limitations period under NRS § 11.070 governs this action; this limitations period is now widely accepted for quiet title claims arising from an HOA foreclosure sale. *See Bank of New York Mellon as Tr. for Certificateholders of CWABS, Inc. Asset-Backed*

James C. Mahan
U.S. District Judge

*Certificates, Series 2004-7 v. SFR Invs. Pool 1, LLC*, No. 2:16-CV-00847-GMN-DJA, 2021 WL 738937, at *3–4 (D. Nev. Feb. 25, 2021); *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) ("Under Nevada law, Spencer could have brought claims challenging the HOA foreclosure sale within five years of the sale.").

This action was brought within five years of the relevant foreclosure sale. (ECF No. 1). Thus, plaintiff has timely filed its claims. (*Id.*).

B.  *Tender Futility*

Plaintiff moves for summary judgment because tender was futile. (ECF No. 86). This court finds no genuine dispute of material fact on this question.

"[F]ormal tender is excused when evidence shows that the party entitled to payment had a known policy of rejecting such payments." *See 7510 Perla Del Mar Ave Trust v. Bank of America N.A.*, 458 P.3d 348, 349 (Nev. 2020) (hereinafter "*Perla Trust*"); *see also* 74 Am. Jur. 2d Tender § 4 (2012) ("A tender of an amount due is waived when the party entitled to payment, by declaration or by conduct, proclaims that, if tender of the amount due is made, it will not be accepted.").

Here, BANA diligently attempted to tender the superpriority portion of the HOA's lien. (ECF Nos. 1, 86). However, ACS incorrectly responded that the HOA's superpriority lien did not come into existence until after plaintiff foreclosed its deed of trust. *See TRP Fund IV, LLC v. Bank of Am., N.A.*, 2020 WL 1903157, at *1 (Nev. April 16, 2020) (affirming judgment for Bank of America because NAS would have rejected any superpriority check pursuant to its routine practice). Other correspondences indicate that ACS declined to accept tender, because it believed that the tenders included conditional "paid in full" language. (*Id.*).

As in other cases where tender was found futile, ACS rejected tenders that had "paid in full" written on them or were attached to letters that "contained conditions or restrictions." *Bank of Am., N.A. v. Desert Canyon Homeowners Ass'n*, No. 2:17-cv-00663- MMD-NJK, 2019 WL 2427945, at *4 (D. Nev. June 7, 2019) (citing testimony that "ACS would not have accepted the check if it had 'paid in full' written on it" and recognizing "ACS would reject any check attached to a letter that contained conditions or restrictions"); (ECF No 86 (ACS would reject tenders "with the [Miles Bauer] letter saying payment in full of the account" or where "paid in full [was] on the check.")). Indeed, "[a]lthough Bank of America's tender included a condition, it had a right to

insist on the condition." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118 (Nev. 2018).

Later, when ACS provided the appropriate information to calculate the superpriority lien, BANA would tender but ACS would continue to reject these attempts. (*Id.*). Thus, considering ACS's practices and correspondences, this court finds that the record contains no dispute that ACS had a known policy of rejection sufficient to excuse formal tender.

Defendant Short argues that BANA only made an offer of payment and failed to send payment thus failing to constitute valid tender. (ECF No. 94). Defendant relies on an unpublished opinion, *Bank of A.m., N.A. v. Thomas Jessup, LLC Series VII*, 2020 WL 2306320 (Nev. May 7, 2020), but this court is unpersuaded that it should depart from the precedent set in *Perla Trust*. This court rejects defendant's argument upon review of the record; plaintiff's actions were sufficient—formal tender was excused due to futility. (ECF Nos. 85, 86). Defendant offers no evidence of remaining genuine disputes of material fact on the question of tender futility, such as changes in ACS's position on tender rejection. (ECF No. 94).

Thus, this court grants plaintiff's motion for summary judgment. (ECF No. 86). Plaintiff is entitled to a declaration and judgment that its deed of trust survived the HOA's sale. Defendant Short's argument regarding his status as a bona fide purchaser is no longer relevant due to this court's conclusion that the deed of trust survived under the futility doctrine. *See Perla Trust*, 458 P.3d 348. All remaining claims are dismissed as moot, and the clerk of the court is ordered to release the cost bond plus interest to plaintiff.

**IV.   CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff HSBC Bank USA, N.A., as Trustee for the Holders of the Deutsche ALT-A Securities Mortgage Loan Trust, Series 2007-1 Pass-Through Certificates' motion for summary judgment (ECF No. 86) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Mike Short's motion for summary judgment (ECF No. 85) be, and the same hereby is, DENIED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff shall submit a proposed judgment consistent with the foregoing within ten (10) days of this order.

DATED March 19, 2021.

_____
UNITED STATES DISTRICT JUDGE